UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CR-152

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

ANTHONY J. CONTI                                              D E F E N D A N T

### OPINION and ORDER

Defendant filed a Motion for a Bill of Particulars.  (Docket # 28).  The prosecution did not respond to this Motion.  Defendant then filed a Second Motion for a Bill of Particulars.  (Docket # 32).  The Court now DENIES this Motion.

This Indictment in this matter alleges that Defendant worked with coconspirators through Defendant's business, Conti Medical Concepts, Inc. ("CMC"), to make fraudulent statements and representations to obtain healthcare payments from the state and federal government.  CMC was in the business of providing patients with back and knee braces.  The prosecution alleges that, between August, 1997, and April, 2003, CMC consistently provided its customers with a "V-Loc/System-Loc" style back braces while billing Medicare and Medicaid for the more expensive "Pro-Fitt" style of back brace.  Around April, 2003, Medicare investigated CMC and discovered the billing discrepancy; thereafter, Medicare denied claims for the more expensive "Pro-Fitt" braces.  The prosecution claims that CMC, under the direction of Defendant, responded by actually providing (and billing for) the "Pro-Fitt" braces to patients to make a higher profit, despite doctors' orders for the cheaper "V-Loc/System-Loc" braces.  The prosecution also claims that Defendant ordered CMC employees to remove or substitute all references to "V-Loc/System-Loc" braces in its records in furtherance of the conspiracy, while fraudulently

attaching doctors' signatures to these altered documents.  Furthermore, the prosecution alleges other actions by Defendant to artificially inflate the cost reimbursed to it.

Specifically, the prosecution notes fraudulent activity in CMC customers' accounts on August 12, 2003; October 31, 2003; February 25, 2004; and August 11, 2004.  The patients are identified by initial.  Also, the prosecution alleges that the Defendant offered a kickback, in the form of a television worth over $4,000, to a doctor in order to induce that doctor to refer patients to CMC.

Defendant claims that he is unable to identify the transactions which occurred on these specific dates merely from the patients' initials.  In discovery, the prosecution provided Defendant with over 150 large boxes of medical records spanning the twenty months through which the conspiracy allegedly occurred.  Defendant also contends that he is unable to fully identify all alleged instances of fraud from the Indictments, which specify only certain specific occurrences of fraud.  Because the Indictments do not identify each event or document which could potentially indicate criminal actions of Defendant, Defendant claims that he requires a Bill of Particulars to properly prepare his case.

A Bill of Particulars may be granted when the Indictment is so vague that the Defendant cannot prepare his case, when there is a danger of ambush at trial, or when the Defendant would be unable to use the outcome of his first trial to bar a subsequent prosecution on the same charges.  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).  The Court has the discretion to deny a request for a Bill of Particulars.  *United States v. Graham*, 487 F. Supp. 1317, 1320 (W.D. Ky. 1980).  A Bill of Particulars is not a means of discovery and is "not intended to provide the defendant with the

fruits of the government's investigation.  Rather it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Salisbury*, 983 F.2d at 1375 (emphasis in original).  Here, the Indictments provide the dates of the offenses alleged and describe the illegal conduct; greater specificity is not required.  *United States v. McClure*, 734 F.2d 484, 493 (10th Cir. 1984); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982).

In this matter, the Court finds that Defendant is seeking information which does not require a Bill of Particulars   The prosecution has specifically identified the manner of conduct, as well as some specific instances of conduct, which constitute the charges against the Defendant.  Furthermore, the prosecution provided the Defendant with the evidence it will use at trial to support these charges.  While Defendant claims it is impossible to identify which patients' records the prosecution will use to support its claims and which contain allegedly fraudulent statements, the prosecution's claims indicate that this conduct was pervasive in Defendant's business during the twenty months noted in the Indictment.  Specific identification of each instance of allegedly criminal activity would likely encompass a significant percentage of the medical records provided in discovery to Defendant.  Because the records provided to Defendant are saturated with transactions that fit the description of the alleged criminal activity in the Indictment, identification of particular document is not required of the prosecution to allow Defendant to plead his case.  Since a Bill of Particulars is not an appropriate vehicle for discovery, the Court uses its discretion in this matter to deny Defendant's Motion.


IT IS HEREBY ORDERED that Defendant's Motion for a Bill of Particulars is DENIED.

3